IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11414
Summary Calendar
_____


GARRY L. HAWKINS; DOUGLAS R. LOVING,

                                        Plaintiffs-Appellants,

versus

TRENTS FLYING SERVICE,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:01-CV-93
--------------------
July 9, 2002

Before JOLLY, STEWART and PARKER, Circuit Judges.

PER CURIAM:*

     Garry L. Hawkins, Texas prisoner #618232, and fellow inmate

Douglas R. Loving, #611599, proceeding pro se, appeal from the

dismissal of their 42 U.S.C. § 1983 complaint against Trents

Flying Service ("Trents").  The complaint arises from the aerial

application of pesticides near a prison unit occupied by the

plaintiffs.  The district court dismissed the action under 42

U.S.C. § 1997e(c) because the complaint's allegations that Trents

acted under the color of state law were insufficient and because

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Hawkins and Loving did not satisfy the "physical injury" requirement of the Prison Litigation Reform Act (PLRA). See 42 U.S.C. § 1997e(e).

"The elements of a § 1983 cause of action are: (1) a deprivation of rights secured by the constitution, (2) by a person acting under color of state law." Evans v. City of Marlin, Tex., 986 F.2d 104, 107 (5th Cir. 1993). Hawkins and Loving argue on appeal, pursuant to Adickes v. Kress & Co., 398 U.S. 144 (1970), and West v. Atkins, 487 U.S. 42 (1988), that Trents acted under color of state law. Because the allegations of the complaint are to the effect that Trents disregarded the warnings of prison employees to refrain from spraying near the prison unit, we conclude that the Adickes test, which applies when a private party and state officials are "jointly engaged . . . in the prohibited action," see 398 U.S. at 152, has no application.

We likewise conclude that West, which revolved around the state's provision of medical care by a private physician retained under contract, see 487 U.S. at 55-56, does not support the appellants' cause. We agree with the district court that the complaint contains no factual allegations of a relationship between Trents and the prison. Moreover, we note that, unlike the physician in West, Trents was not engaged in the provision of a constitutionally-guaranteed service to inmates. Even if the factual allegations of the complaint raised the issue, we would

decline to extend West to this situation, as to do so would mean that every individual or business hired under contract by a correctional facility would be subject to § 1983 liability.

The appellants have also failed to show that the district court erred in its alternate determination that the complaint should be dismissed for failure to satisfy the physical injury requirement of the PLRA. The complaint alleges only that Hawkins and Loving have experienced difficulty in breathing upon occasional exposure to hazardous chemicals. Such does not rise to the level of a constitutional violation. See Richardson v. Spurlock, 260 F.3d 495, 498 (5th Cir. 2001). Further, although the complaint speculates that medical care may or will be necessary in the future, it makes no allegation of a prior physical injury, as required under the PLRA. See 42 U.S.C. § 1997e(e).

Hawkins and Loving devote much of their brief to an argument that Trents conspired with prison officials and that recovery can be had for Trents' violation of Federal Aviation Administration regulations. The complaint, however, does not seek recovery on either ground. The arguments newly raised on appeal cannot be addressed because they do not concern "purely legal issue[s]" and thus are not susceptible to plain error review. Forbush v. J.C. Penney Co., 98 F.3d 817, 822 (5th Cir. 1996). Furthermore, this court "will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might

prevail if given the opportunity to try a case again on a different theory." Id. Accordingly, we AFFIRM.

The district court's dismissal counts as a "strike" under 28 U.S.C. § 1915. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Hawkins and Loving are hereby cautioned that, should they accumulate three or more "strikes," they will be unable to proceed in forma pauperis in any civil action or appeal filed while they are incarcerated or detained in any facility unless they are in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED; SANCTIONS WARNING ISSUED.